Bea  UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BRENT NETTLES**                                                                                   **PLAINTIFF**

**v.**                                                                    CAUSE NO.: __1:23cv65 TBM-RPM__

**BEAU RIVAGE RESORTS, LLC and**
**GERALD WALLIS, JR. INDIVIDUALLY AND AS**
**AN EMPLOYEE OF BEAU RIVAGE RESORTS, LLC**                                 **DEFENDANTS**

## COMPLAINT

## JURY TRIAL DEMANDED

COME NOW, Plaintiff, BRENT NETTLES, by the through his attorney of record, and file this Complaint against the Defendants named herein, and in support thereof show the following:

## PARTIES

1. Plaintiff, Brent Nettles (hereafter "Nettles"), is an adult resident citizen of St. Johns County, Florida, residing at 545 Moultrie Wells Road, St. Augustine, Florida 32086.

2. The Beau Rivage Resorts, LLC (hereafter "Beau Rivage") is a corporation organized and existing under the laws and registered to do business in the State of Mississippi, its principal office and place of business located at 875 Beach Boulevard, Biloxi, Mississippi 39530, and which may be served with process on its registered agent for service of process.

3. Gerald Wallace, Jr., (hereafter "Wallace") individually and as an employee of Beau Rivage Resorts, LLC, is a resident of the State of Mississippi and may be served with process in accordance with law.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Complete diversity exits between the Plaintiff and all Defendants. Plaintiff is a resident

citizen of the State of Florida; Defendant Beau Rivage is incorporated in Mississippi and has its principal place of business at 875 Beach Boulevard, Biloxi, Mississippi 39530; Defendant Gerald Wallace, Jr. is a resident citizen of the State of Mississippi; and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

## FACTS

6. At all material times, Beau Rivage owns and operates the hotel, casino, and entertainment venues located at 875 Beach Boulevard, Biloxi, Mississippi.

7. At all material times, Beau Rivage maintains and controls the premises located at 875 Beach Boulevard, Biloxi, Mississippi.

8. At all material times, Wallace was an employee and Security Supervisor Beau Rivage. LLC.

9. On Thursday, March 10, 2022, Nettles, his wife (Lisa), his mother (Patricia), and his father (Steve) traveled to Biloxi from Florida on the invitation of the Beau Rivage as VIP guests. The invitation was made by Beau Rivage casino host, Kristen Friedrich. Upon arriving at Beau Rivage, Nettles and family were registered as VIP guests and provided complimentary accommodations at the hotel. While at Beau Rivage, Nettles and his family gambled and patronized the hotel facilities, including the restaurants.

10. On the evening of Friday, March 11, 2022, Nettles and his wife Lisa arrived that the "Eight 75" bar at approximately 8:30 p.m. after playing slot machines. Within a short time, Nettles and Lisa were joined that the bar by his parents, Patricia and Steve. Soon thereafter, the band started at the Eight 75 location. Nettles danced with Lisa as the band played. After finishing the dance, Nettles left the Eight 75 location to use the restroom located adjacent to the casino floor. Upon returning from the restroom, Nettles was approached by an unknown person who stated he was a security

employee for Beau Rivage. This unknown employee told Nettles he observed him stumble as Nettles exited the restroom. The unknown employee accused Nettles of being intoxicated and told Nettles, Nettles must leave the property of the Beau Rivage. Nettles explained to this unknown employee that Nettles suffers from avascular necrosis and Nettles recently had bi-lateral hip replacements. Nettles explained as a result of the hip replacements, he sometimes experience instant sharp pain in both legs that causes him to stumble or wobble. Nettles explained these pains occur instantly without warning. Nettles believe this explanation was sufficient and resolved the unknown employees mistaken observations.

11. Nettles rejoined his wife and parents at the Eight 75 bar location. While engaged in a conversation with his father, Nettles was interrupted by a team of unknown Beau Rivage security employees. The team of employees appeared to be led by an employee who identified himself as Peter Jones. The alleged Mr. Jones told Nettles the employees has determined Nettles was required to leave the Beau Rivage property, although Nettles was an invited guest, was staying in the hotel, and had not had any inappropriate interaction with any other employee or customer of Beau Rivage. It was later determined the man who identified himself as Peter Jones misrepresented his actual name. It was later determined Peter Jones was in fact Gerald Wallace, Jr. security supervisor employee of Beau Rivage.

12. Throughout his interaction with the team of security employees, Nettles calmly again explained his physical disability and that he was recovering from bilateral hip replacement surgery. After being confronted by the team of Beau Rivage employees, Nettles and his family agreed to leave the Eight 75. When leaving the Eight 75, Nettles attempted to return to the bar to close this transaction. At that point, Nettles, who has already informed all Beau Rivage employees of his physical disability and that he was recovering from hip replacement surgeries, was violently and unlawful thrown to the tile floor by multiple employees, pinned to the ground with a knee in his

ribs, and forcibly had his head pinned to the floor. Based on information and belief, Wallace then zipped tied Nettles wrists together with some sort of restraint. The zip ties were applied so tightly, Nettles immediately screamed because of severe pain and requested the zip ties be removed or loosened. No Beau Rivage employee complied with Nettle's request.

13. The Beau Rivage employees unlawfully battered, restrained and detained Nettles without probably caused and without authority of law.

14. After being unlawfully battered, restrained, and detained, Nettles was taken by two unknown masked Beau Rivage employees out of the customer areas of the Beau Rivage and taken to a detention area. When in the detention area, Nettles continues to complain about the severe pain being caused to him from the tight zip ties. The two unknown masked Beau Rivage employees then removed Nettles personal belongs from his pockets and strapped Nettles to a metal bench with his hand tightly restrained behind him. At this time, Wallace informed Nettles he was placing him under "citizen's arrest" for disorderly conduct. At this time, Wallace informed Nettles that he was "trespassed" from the Beau Rivage property. Prior that time, Nettles had not been given notification of such trespass.

15. At approximately, 9:01 pm., Biloxi Police Officer Burks arrived at the detention area. Sometime after, Officer Burks took Nettles into the custody of the Biloxi Police Department.

16. Sometime later, Wallace individually and on behalf of Beau Rivage executed a private affidavit charging Nettles with Trespassing, not Disorderly Conduct as Wallace claimed when participating in the unlawful battery, restraint, and detention of Nettles.

17. Nettles was later released from the custody of the Biloxi Police Department on his own recognizance to face criminal charges in the City of Biloxi at a later time.

18. Nettles found different accommodations that evening and has not returned to the property of the Beau Rivage, or any other property associated with Beau Rivage or MGM Resorts worldwide since that time.

19. Nettles was required to employ attorney James Farrior to represent him regarding the charges filed against him by Wallace and Beau Rivage. Nettles paid Attorney Farrior for this representation.

20. On or about July 28, 2022, the City of Biloxi Municipal Court dismissed the charges filed by Wallace and Beau Rivage against Nettles.

21. As a result of the battery, restraint and detention of Nettles, Nettles suffered severe physical injury and damages, including injury to his radial nerves and suffers from pain and numbness in his hands.

## COUNT I
## INTENTIONAL BATTERY

22. Nettles adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 21 in their entirety as though fully copied and stated herein.

23. Nettles would show Defendants, and each of them, committed acts intending to cause harmful or offensive contact with Nettles and the Defendants actions placed Nettles in imminent apprehension of the harmful and offensive contact. Such actions by the Defendants were unlawful and without substantial justification.

24. Such intentional acts by Defendants were the direct and proximate cause of Nettles injuries and damages.

25. Nettles would show that as a direct and proximate result of the intentional battery by Defendants and/or their agents employees, and representatives, he was severely injured, and sustained personal injury, suffered physical pain and suffering, mental pain and suffering and

incurred certain expenditures and obligations for medical expenses for which he is entitled to recover as damages as will be shown by proof at the trial of this cause.

26. Nettles incurred medical bills and may continue to need reasonable and necessary medical treatment for which he is entitled to recover of and from the Defendants.

27. Nettles is entitled to all damages afforded under the Laws of the State of Mississippi, including but not limited to medical, hospital, drugs, and all allied health expenses, physical and mental pain and suffering, together with all penalties and interest which may be applicable.  Nettles would show other damages and injuries to be shown at the trial of this matter.

28. Nettles would show that the acts of the Defendants are intentional with willful, wanton, or reckless, disregard for the rights of Nettles, for which punitive damages must be assessed against the Defendants to deter future such acts as herein described.

## COUNT II
## FALSE ARREST

29. Nettles adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 28 in their entirety as though fully copied and stated herein.

30. Nettles would show Defendants, and each of them, intentionally, falsely, unlawfully, maliciously and without probable cause arrested Nettles and/or caused Nettles to be arrested by the Biloxi Police Department.

31. Nettles would show as a direct and proximate result of the intentional false imprisonment/detention by Defendants and/or their agents employees, and representatives, he was severely injured , and sustained personal injury, suffered physical pain and suffering, mental pain and suffering, and incurred certain expenditures and obligations for medical expenses for which he is entitled to recover as damages as will be shown by proof at the trial of this cause.

32. Nettles incurred medical bills and may continue to need reasonable and necessary medical treatment for which he is entitled to recover of and from the Defendants.

33. Nettles is entitled to all damages afforded under the Laws of the State of Mississippi, including but not limited to medical, hospital, drugs, and all allied health expenses, physical and mental pain and suffering, together with all penalties and interest which may be applicable. Nettles would show other damages and injuries to be shown at the trial of this matter.

34. Nettles would show that the acts of the Defendants are intentional with willful, wanton, or reckless, disregard for the rights of Nettles, for which punitive damages must be assessed against the Defendants to deter future such acts as herein described.

## COUNT III
## FALSE IMPRISONMENT/DETENTION

35. Nettles adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 34 in their entirety as though fully copied and stated herein.

36. Nettles would show Defendants, and each of them, subjected Nettles to actual unreasonable force to unlawfully imprison and/or detain Nettles and that such imprisonment/detention was unlawful and not objectively reasonable in it nature, purpose, extent and duration.

37. Nettles would show as a direct and proximate result of the intentional false imprisonment/detention by Defendants and/or their agents employees, and representatives, he was severely injured , and sustained personal injury, suffered physical pain and suffering, mental pain and suffering, and incurred certain expenditures and obligations for medical expenses for which he is entitled to recover as damages as will be shown by proof at the trial of this cause.

38. Nettles incurred medical bills and may continue to need reasonable and necessary medical treatment for which he is entitled to recover of and from the Defendants.

39. Nettles is entitled to all damages afforded under the Laws of the State of Mississippi, including but not limited to medical, hospital, drugs, and all allied health expenses, physical and mental pain and suffering, together with all penalties and interest which may be applicable. Nettles would show other damages and injuries to be shown at the trial of this matter.

40. Nettles would show that the acts of the Defendants are intentional with willful, wanton, or reckless, disregard for the rights of Nettles, for which punitive damages must be assessed against the Defendants to deter future such acts as herein described.

## COUNT IV
## MALICIOUS PROSECUTION

41. Nettles adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 40 in their entirety as though fully copied and stated herein.

42. Nettles would show Defendants, and each of them, instituted the criminal proceedings against Nettles; those criminal proceedings were terminated in Nettles favor; Defendants instituted the criminal proceedings against Nettles without probable cause and solely based on unfounded suspicion or conjecture; and Defendants instituted the criminal proceedings primarily for a purpose other than that of bringing Nettles to justice with the objective to attempt to justify the battery, false arrest, false imprisonment and other unlawful acts committed by the Defendants against Nettles.

43. Nettles would show as a direct and proximate result of the malicious prosecution by Defendants, Nettles incurred attorney's fees and other cost associated with defending himself against the Defendants malicious prosecution and other damages as shown at the trial of this matter.

44. Nettles would show that the acts of the Defendants are intentional with willful, wanton, or reckless, disregard for the rights of Nettles, for which punitive damages must be assessed against the Defendants to deter future such acts as herein described.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AND PAIN AND SUFFEREING

45. Nettles adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 44 in their entirety as though fully copied and stated herein.

46. Nettles would show Defendants and/or their agents employees, and representatives, (1) acted willfully or wantonly toward Nettles by committing the actions described in this Complaint; (2)

8

Defendants and/or their agents, employees, and representatives acts are ones that evoke outrage or revulsion in civilized society; (3) the acts were directed at, or intended to cause harm to, Nettles; (4) Nettles suffered emotional distress as a direct result of to the action of the Defendants and/or their agents, employees and representatives; and (5) Nettle's resulting emotional distress was foreseeable from the intentional acts of the Defendants, and/or their agents, employees, and representatives.

47. Nettles would further show the Defendants, an/or their agents, employees and representatives, conduct was so outrageous and so extreme in degree as to go beyond all possible bounds of decency, and is regarded as atrocious and utterly intolerable in a civilized community.

48. Nettles would show as a direct and proximate result of the intentional conduct and actions by Defendants and/or their agents employees, and representatives, he was severely injured , and sustained personal injury, suffered physical pain and suffering, mental pain and suffering, and incurred certain expenditures and obligations for medical expenses for which he is entitled to recover as damages as will be shown by proof at the trial of this cause.

49. Nettles incurred medical bills and may continue to need reasonable and necessary medical treatment for which he is entitled to recover of and from the Defendants.

50. Nettles is entitled to all damages afforded under the Laws of the State of Mississippi, including but not limited to medical, hospital, drugs, and all allied health expenses, physical and mental pain and suffering, together with all penalties and interest which may be applicable. Nettles would show other damages and injuries to be shown at the trial of this matter.

51. Nettles would show that the acts of the Defendants are intentional with willful, wanton, or reckless, disregard for the rights of Nettles, for which punitive damages must be assessed against the Defendants to deter future such acts as herein described.

## COUNT VI
## GENERAL NEGLIGENCE AND GROSS NEGLIGENCE
## AGAINST THE DEFENDANTS

52. Nettles adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 52 in their entirety as though fully copied and stated herein.

53. Defendants' negligence, recklessness, carelessness, and/or gross negligence evidences a willful, wanton, or reckless disregard for the safety of others which consisted of, but is not necessarily limited to, the following facts or omissions:

    a. Failure of the Defendants to exercise reasonable care to not cause harm to Nettles;

    b. Failure to hire qualified employees;

    c. Failure to properly train employees;

    d. Failure to properly supervise employees;

    e. Other acts or omissions that will be shown at the trial of this cause.

54. Such acts and omissions by Defendants were a direct and proximate cause of the Perry's injuries.

55. Further, Nettles would show that the Defendants' acts and omissions constitute gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, thus entitling Plaintiffs to an award of punitive damages.

56. Nettles has suffered and continues to suffer injuries and damages as a direct and proximate result of the negligence, recklessness, carelessness and/or gross negligence of the Defendants.

57. But for the Defendants' acts of negligence, recklessness, carelessness, and/or gross negligence, described in the above paragraphs, the Nettles would not have suffered and continue to suffer the injuries and damages complained of herein. The negligent, recklessness, careless, and/or grossly negligent conduct of the Defendants discussed herein above, were the proximate and/or contributing causes of the injuries suffered by Nettles.

58. Nettles would show that as a direct and proximate result of the negligence, recklessness, carelessness, and/or gross negligence of the Defendants and/or their agents employees, and representatives, he was severely injured, and sustained personal injury, suffered physical pain and suffering, mental pain and suffering and incurred certain expenditures and obligations for medical expenses for which he is entitled to recover as damages as will be shown by proof at the trial of this cause.

59. Nettles incurred medical bills and may continue to need reasonable and necessary medical treatment for which he is entitled to recover of and from the Defendants.

60. Nettles is entitled to all damages afforded under the Laws of the State of Mississippi, including but not limited to medical, hospital, drugs, and all allied health expenses, physical and mental pain and suffering, together with all penalties and interest which may be applicable. Nettles would show other damages and injuries to be shown at the trial of this matter.

61. Nettles would show that the acts and omissions of the Defendants are so grossly negligent as to constitute a willful, wanton, or reckless, disregard for the safety of others, for which punitive damages must be assessed against the Defendants to deter future such acts as herein described.

## COUNT VII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## AND PAIN AND SUFFERING

62. Nettles adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 61 in their entirety as though fully copied and stated herein.

63. As a direct result of the Defendants' negligent acts Nettles was severely injured , and sustained personal injury, suffered physical pain and suffering, mental pain and suffering, and incurred certain expenditures and obligations for medical expenses for which he is entitled to recover as damages as will be shown by proof at the trial of this cause.

64. Nettles incurred medical bills and may continue to need reasonable and necessary medical treatment for which he is entitled to recover of and from the Defendants.

65. Nettles is entitled to all damages afforded under the Laws of the State of Mississippi, including but not limited to medical, hospital, drugs, and all allied health expenses, physical and mental pain and suffering, together with all penalties and interest which may be applicable. Nettles would show other damages and injuries to be shown at the trial of this matter.

66. Nettles would show that the acts of the Defendants are intentional with willful, wanton, or reckless, disregard for the rights of Nettles, for which punitive damages must be assessed against the Defendants to deter future such acts as herein described.

## **DAMAGES**

67. Plaintiff adopts and incorporates paragraphs 1-38 above as though fully copied herein.

68. As a direct and proximate result of the aforementioned breaches of duty by the Defendants, Plaintiff has suffered injuries and sustained damages, continues to suffer injuries and damages, and is entitled to damages for which there are provisions under the laws of the State of Mississippi, including but not limited to the following:

   a. Past, present, and future physical pain and suffering;

   b. Past, present, and future emotional distress, mental anguish, anxiety, worry, and other such damages;

   c. Past, present, and future loss of enjoyment of life;

   d. Past, present, and future expenses for medical, hospital, drugs, and other allied health services;

   e. Loss of enjoyment of life, humiliation, degradation, and other such damages;

   f. Punitive damages;

   g. Exemplary Damages;

      h. Such other damages as may be determined by law or fact;

      i. Attorney's fees; and

      j. Any and all costs, litigation costs, expert fees, penalties, and interest (pre- or post-judgment), that may be applicable under the laws of the State of Mississippi.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Brent Nettles, prays his Complaint be received, filed, and served on the Defendants herein. Plaintiffs further request a jury trial and after said trial, request a judgment be entered against the Defendants, Beau Rivage Resort, LLC and John or Jane Does 1-10, for an amount in excess of the jurisdictional minimum of this Court, for any and all actual, compensatory, and punitive damages as a result of Defendants' intentional actions, negligence, recklessness, carelessness, and/or gross negligence, emotional distress, together with interest from the date of the accident, attorney's fees and all costs of court to accrue to be determined at a trial hereon; and Plaintiff prays for such other, further and/or more general relief to which they may be entitled.

Respectfully submitted, this the __8th__ day of March, 2023

                      **BRENT NETTLES**
                      **Plaintiff**

             By: __s/ David N. Harris, Jr.__
                  David N. Harris, Jr. (MSB #100790)
                  DAVID N. HARRIS, JR. LAW FIRM, P.L.L.C.
                  134 Rue Magnolia, Suite A
                  Biloxi, MS 39530
                  Telephone: (228) 236-7616
                  Email: david@davidharrislawfirm.com

                  *Attorney for Plaintiff Brent Nettles*