IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BRENT NETTLES**                                                                                          **PLAINTIFF**

**VS.**                                                                             **NO. 1:23-cv-65-TBM-RPM**

**BEAU RIVAGE RESORTS, LLC and**
**GERALD WALLIS, JR. Individually and**
**as an Employee of Beau Rivage Resorts, LLC**                              **DEFENDANTS**

## PRETRIAL ORDER

1. A pretrial conference was held as follows:

    Date:  June 27, 2024          Time:  1:30 PM

    United States Courthouse, in Gulfport, Mississippi, by video conference

    before the following judicial officer:   United States District Judge Taylor B. McNeel.

2. The following counsel appeared:

    a. For the Plaintiff:

    Name, Postal and Email Addresses, and Telephone

    Douglas L. Tynes, Jr.          monte@tyneslawfirm.com
    Tynes Law Firm, P.A.
    525 Krebs Avenue (39567)
    P.O. Drawer 966
    Pascagoula, MS 39568-0966
    (228) 769-7736 Telephone
    (228) 769-8466 Facsimile

    David N. Harris, Jr.          david@davidharrislawfirm.com
    David N. Harris, Jr. Law Firm, PLLC
    134 Rue Magnolia, Suite A
    Biloxi, MS 39530
    228-236-7616 Telephone

b.  For the Defendant:

Name, Postal and Email Addresses, and Telephone

Robert S. Addison robert@thompsonaddison.com
W. Matthew Thompson matthew@thompsonaddison.com
Michael R. Kelly michael@thompsonaddison.com
Thompson Addison, PLLC
2060 Main Street
Madison, MS 39110
Tel. 601.850.8000

3. The pleadings are amended to conform to this pretrial order.

4. The following claims (including claims stated in the complaint), counterclaims, cross-claims, third-party claims, etc. have been filed:

A. Plaintiff's Claims:

Each Count set forth in Plaintiff's Complaint re-alleges and incorporates the preceding paragraphs, including factual and jurisdictional allegations and Counts of the Complaint as if fully set forth in each such Count set forth below.

Count I – Intentional Battery

a. Nettles would show Defendants, and each of them, committed acts intending to cause harmful or offensive contact with Nettles and the Defendants actions placed Nettles in imminent apprehension of the harmful and offensive contact. Such actions by the Defendants were unlawful and without substantial justification.
b. Such intentional acts by Defendants were the direct and proximate cause of Nettles injuries and damages.
c. Nettles would show that as a direct and proximate result of the intentional battery by Defendants and/or their agents employees, and representatives, he was severely injured, and sustained personal injury, suffered physical pain and suffering, mental pain and suffering and incurred certain expenditures and obligations for medical expenses for which he is entitled to recover as damages as will be shown by proof at the trial of this cause.
d. Nettles incurred medical bills and may continue to need reasonable and necessary medical treatment for which he is entitled to recover of and from the Defendants.
e. Nettles is entitled to all damages afforded under the Laws of the State of Mississippi, including but not limited to medical, hospital, drugs, and all allied health expenses, physical and mental pain and suffering, together with all penalties and interest which may be applicable. Nettles would show other damages and injuries to be shown at the trial of this matter.
f. Nettles would show that the acts of the Defendants are intentional with willful, wanton, or reckless, disregard for the rights of Nettles, for which punitive damages must be assessed against the Defendants to deter future such acts as herein described.

Count II – False Arrest

a. Nettles would show Defendants, and each of them, intentionally, falsely, unlawfully, maliciously and without probable cause arrested Nettles and/or caused Nettles to be arrested by the Biloxi Police Department.
b. Nettles would show as a direct and proximate result of the intentional false imprisonment/detention by Defendants and/or their agents employees, and representatives, he was severely injured , and sustained personal injury, suffered physical pain and suffering, mental pain and suffering, and incurred certain expenditures and obligations for medical expenses for which he is entitled to recover as damages as will be shown by proof at the trial of this cause.
c. Nettles incurred medical bills and may continue to need reasonable and necessary medical treatment for which he is entitled to recover of and from the Defendants.
d. Nettles is entitled to all damages afforded under the Laws of the State of Mississippi, including but not limited to medical, hospital, drugs, and all allied health expenses, physical and mental pain and suffering, together with all penalties and interest which may be applicable. Nettles would show other damages and injuries to be shown at the trial of this matter.
e. Nettles would show that the acts of the Defendants are intentional with willful, wanton, or reckless, disregard for the rights of Nettles, for which punitive damages must be assessed against the Defendants to deter future such acts as herein described.

Count III – False Imprisonment/Detention

a. Nettles would show Defendants, and each of them, subjected Nettles to actual unreasonable force to unlawfully imprison and/or detain Nettles and that such imprisonment/detention was unlawful and not objectively reasonable in it nature, purpose, extent and duration.
b. Nettles would show as a direct and proximate result of the intentional false imprisonment/detention by Defendants and/or their agents employees, and representatives, he was severely injured , and sustained personal injury, suffered physical pain and suffering, mental pain and suffering, and incurred certain expenditures and obligations for medical expenses for which he is entitled to recover as damages as will be shown by proof at the trial of this cause.
c. Nettles incurred medical bills and may continue to need reasonable and necessary medical treatment for which he is entitled to recover of and from the Defendants.
d. Nettles is entitled to all damages afforded under the Laws of the State of Mississippi, including but not limited to medical, hospital, drugs, and all allied health expenses, physical and mental pain and suffering, together with all penalties and interest which may be applicable. Nettles would show other damages and injuries to be shown at the trial of this matter.
e. Nettles would show that the acts of the Defendants are intentional with willful, wanton, or reckless, disregard for the rights of Nettles, for which punitive damages must be assessed against the Defendants to deter future such acts as herein described.

Count IV – Malicious Prosecution

a. Nettles would show Defendants, and each of them, instituted the criminal proceedings against Nettles; those criminal proceedings were terminated in Nettles favor; Defendants instituted the criminal proceedings against Nettles without probable cause and solely based on unfounded suspicion or conjecture; and Defendants instituted the criminal proceedings primarily for a purpose other than that of bringing Nettles to justice with the objective to attempt to justify the battery, false arrest, false imprisonment and other unlawful acts committed by the Defendants against Nettles.
b. Nettles would show as a direct and proximate result of the malicious prosecution by Defendants, Nettles incurred attorney's fees and other cost associated with defending himself against the Defendants malicious prosecution and other damages as shown at the trial of this matter.
c. Nettles would show that the acts of the Defendants are intentional with willful, wanton, or reckless, disregard for the rights of Nettles, for which punitive damages must be assessed against the Defendants to deter future such acts as herein described.

Count V – Intentional Infliction of Emotional Distress and Pain and Suffering

a. Nettles would show Defendants and/or their agents employees, and representatives, (1) acted willfully or wantonly toward Nettles by committing the actions described in this Complaint; (2) Defendants and/or their agents, employees, and representatives acts are ones that evoke outrage or revulsion in civilized society; (3) the acts were directed at, or intended to cause harm to, Nettles; (4) Nettles suffered emotional distress as a direct result of to the action of the Defendants and/or their agents, employees and representatives; and (5) Nettle's resulting emotional distress was foreseeable from the intentional acts of the Defendants, and/or their agents, employees, and representatives.
b. Nettles would further show the Defendants, an/or their agents, employees and representatives, conduct was so outrageous and so extreme in degree as to go beyond all possible bounds of decency, and is regarded as atrocious and utterly intolerable in a civilized community.
c. Nettles would show as a direct and proximate result of the intentional conduct and actions by Defendants and/or their agents employees, and representatives, he was severely injured , and sustained personal injury, suffered physical pain and suffering, mental pain and suffering, and incurred certain expenditures and obligations for medical expenses for which he is entitled to recover as damages as will be shown by proof at the trial of this cause.
d. Nettles incurred medical bills and may continue to need reasonable and necessary medical treatment for which he is entitled to recover of and from the Defendants.
e. Nettles is entitled to all damages afforded under the Laws of the State of Mississippi, including but not limited to medical, hospital, drugs, and all allied health expenses, physical and mental pain and suffering, together with all penalties and interest which may be applicable. Nettles would show other damages and injuries to be shown at the trial of this matter.
f. Nettles would show that the acts of the Defendants are intentional with willful, wanton, or reckless, disregard for the rights of Nettles, for which punitive damages must be assessed against the Defendants to deter future such acts as herein described.

Count VI – General Negligence and Gross Negligence Against the Defendants

a.  Defendants' negligence, recklessness, carelessness, and/or gross negligence evidences a willful, wanton, or reckless disregard for the safety of others which consisted of, but is not necessarily limited to, the following facts or omissions:
    a.  Failure of the Defendants to exercise reasonable care to not cause harm to Nettles;
    b.  Failure to hire qualified employees;
    c.  Failure to properly train employees;
    d.  Failure to properly supervise employees;
    e.  Other acts or omissions that will be shown at the trial of this cause.
b.  Such acts and omissions by Defendants were a direct and proximate cause of the Perry's injuries.
c.  Further, Nettles would show that the Defendants' acts and omissions constitute gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, thus entitling Plaintiffs to an award of punitive damages.
d.  Nettles has suffered and continues to suffer injuries and damages as a direct and proximate result of the negligence, recklessness, carelessness and/or gross negligence of the Defendants.
e.  But for the Defendants' acts of negligence, recklessness, carelessness, and/or gross negligence, described in the above paragraphs, the Nettles would not have suffered and continue to suffer the injuries and damages complained of herein. The negligent, recklessness, careless, and/or grossly negligent conduct of the Defendants discussed herein above, were the proximate and/or contributing causes of the injuries suffered by Nettles.

Count VII – Negligent Infliction of Emotional Distress and Pain and Suffering

a.  As a direct result of the Defendants' negligent acts Nettles was severely injured , and sustained personal injury, suffered physical pain and suffering, mental pain and suffering, and incurred certain expenditures and obligations for medical expenses for which he is entitled to recover as damages as will be shown by proof at the trial of this cause.
b.  Nettles incurred medical bills and may continue to need reasonable and necessary medical treatment for which he is entitled to recover of and from the Defendants.
c.  Nettles is entitled to all damages afforded under the Laws of the State of Mississippi, including but not limited to medical, hospital, drugs, and all allied health expenses, physical and mental pain and suffering, together with all penalties and interest which may be applicable. Nettles would show other damages and injuries to be shown at the trial of this matter.
d.  Nettles would show that the acts of the Defendants are intentional with willful, wanton, or reckless, disregard for the rights of Nettles, for which punitive damages must be assessed against the Defendants to deter future such acts as herein described.

Unnumbered Count – Damages

As a direct and proximate result of the aforementioned breaches of duty by the Defendants, Plaintiff has suffered injuries and sustained damages, continues to suffer injuries and damages, and is entitled to damages for which there are provisions under the laws of the State of Mississippi, including but not limited to the following:

    a. Past, present, and future physical pain and suffering;
    b. Past, present, and future emotional distress, mental anguish, anxiety, worry, and other such damages;
    c. Permanent disfigurement;
    d. Past, present, and future loss of enjoyment of life;
    e. Past, present, and future expenses for medical, hospital, drugs, and other allied health services;
    f. Punitive damages;
    g. Such other damages as may be determined by law or fact;
    h. Attorney's fees; and
    i. Any and all costs, litigation costs, expert fees, penalties, and interest (pre- or post-judgment), that may be applicable under the laws of the State of Mississippi.

No counterclaims, crossclaims, third-party claims, etc. have been filed.

Note: Counts II, IV, V VI, and VII set forth in Plaintiff's Complaint were dismissed on summary judgment pursuant to the Court's [64] Order and reasons stated on the record at the hearing held on March 7, 2024. The only remaining claims to be tried are False Imprisonment and Intentional Battery.

5. The basis for this court's jurisdiction is:

This Court has subject matter jurisdiction due to the diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332 (diversity). Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. § 1391, as a substantial part of the events and/or omissions giving rise to this claim occurred in this judicial district.

6. The following jurisdictional question(s) remain: (If none, enter "None")

    None.

7. The following motions remain pending:

    None.

8. The parties accept the following **concise** summaries of the ultimate facts as claimed by:

    a. Plaintiff:

On Thursday, March 10, 2022, Nettles, his wife (Lisa), his mother (Patricia), and his father (Steve) traveled to Biloxi from Florida on the invitation of the Beau Rivage as VIP guests. The invitation was made by Beau Rivage casino host, Kristen Friedrich. Upon arriving at Beau Rivage, Nettles and family were registered as VIP guests and provided complimentary accommodations at the hotel. While at Beau Rivage, Nettles and his family gambled and patronized the hotel facilities, including the restaurants.

On the evening of Friday, March 11, 2022, Nettles and his wife Lisa arrived that the "Eight 75" bar at approximately 8:30 p.m. after playing slot machines. Within a short time, Nettles and Lisa

were joined that the bar by his parents, Patricia and Steve. Soon thereafter, the band started at the Eight 75 location. Nettles danced with Lisa as the band played. After finishing the dance, Nettles left the Eight 75 location to use the restroom located adjacent to the casino floor. Upon returning from the restroom, Nettles was approached by an unknown person who stated he was a security employee for Beau Rivage. This unknown employee told Nettles he observed him stumble as Nettles exited the restroom. The unknown employee accused Nettles of being intoxicated and told Nettles, Nettles must leave the property of the Beau Rivage. Nettles explained to this unknown employee that Nettles suffers from avascular necrosis and Nettles recently had bi-lateral hip replacements. Nettles explained as a result of the hip replacements, he sometimes experience instant sharp pain in both legs that causes him to stumble or wobble. Nettles explained these pains occur instantly without warning. Nettles believe this explanation was sufficient and resolved the unknown employees mistaken observations.

Nettles rejoined his wife and parents at the Eight 75 bar location. While engaged in a conversation with his father, Nettles was interrupted by a team of unknown Beau Rivage security employees. The team of employees appeared to be led by an employee who identified himself as Peter Jones. The alleged Mr. Jones told Nettles the employees has determined Nettles was required to leave the Beau Rivage property, although Nettles was an invited guest, was staying in the hotel, and had not had any inappropriate interaction with any other employee or customer of Beau Rivage. It was later determined the man who identified himself as Peter Jones misrepresented his actual name. It was later determined Peter Jones was in fact Gerald Wallace, Jr. security supervisor employee of Beau Rivage.

Throughout his interaction with the team of security employees, Nettles calmly again explained his physical disability and that he was recovering from bilateral hip replacement surgery. After being confronted by the team of Beau Rivage employees, Nettles and his family agreed to leave the Eight 75. When leaving the Eight 75, Nettles attempted to return to the bar to close this transaction. At that point, Nettles, who has already informed all Beau Rivage employees of his physical disability and that he was recovering from hip replacement surgeries, was violently and unlawful thrown to the tile floor by multiple employees, pinned to the ground with a knee in his ribs, and forcibly had his head pinned to the floor. Based on information and belief, Wallace then zipped tied Nettles wrists together with some sort of restraint. The zip ties were applied so tightly, Nettles immediately screamed because of severe pain and requested the zip ties be removed or loosened. No Beau Rivage employee complied with Nettle's request.

The Beau Rivage employees unlawfully battered, restrained and detained Nettles without probably caused and without authority of law.

After being unlawfully battered, restrained, and detained, Nettles was taken by two unknown masked Beau Rivage employees out of the customer areas of the Beau Rivage and taken to a detention area. When in the detention area, Nettles continues to complain about the severe pain being caused to him from the tight zip ties. The two unknown masked Beau Rivage employees then removed Nettles personal belongs from his pockets and strapped Nettles to a metal bench with his hand tightly restrained behind him. At this time, Wallace informed Nettles he was placing him under "citizen's arrest" for disorderly conduct. At this time, Wallace informed Nettles that he was "trespassed" from the Beau Rivage property. Prior that time, Nettles had not been given notification of such trespass.

At approximately, 9:01 pm., Biloxi Police Officer Burks arrived at the detention area. Sometime after, Officer Burks took Nettles into the custody of the Biloxi Police Department.

Sometime later, Wallace individually and on behalf of Beau Rivage executed a private affidavit charging Nettles with Trespassing, not Disorderly Conduct as Wallace claimed when participating in the unlawful battery, restraint, and detention of Nettles.

Nettles was later released from the custody of the Biloxi Police Department on his own recognizance to face criminal charges in the City of Biloxi at a later time.

Nettles found different accommodations that evening and has not returned to the property of the Beau Rivage, or any other property associated with Beau Rivage or MGM Resorts worldwide since that time.

Nettles was required to employ attorney James Farrior to represent him regarding the charges filed against him by Wallace and Beau Rivage. Nettles paid Attorney Farrior for this representation.

On or about July 28, 2022, the City of Biloxi Municipal Court dismissed the charges filed by Wallace and Beau Rivage against Nettles.

As a result of the battery, restraint and detention of Nettles, Nettles suffered severe physical injury and damages, including injury to his radial nerves and suffers from pain and numbness in his hands.

b. Defendant:

Plaintiff Brent Nettles was drinking at the Eight75 bar in the Beau Rivage Casino on March 11, 2022. Plaintiff briefly left the bar then returned, at which point security officer George Barnes noticed Nettles stumbling back to his seat at the bar. Barnes approached a woman seated next to Nettles and asked if she was with Nettles and if they were guests in the hotel, to which she replied that she was and they were. Barnes told her that Nettles appeared to be intoxicated and that it would be best for him to return to their room. Nettles turned around and Barnes told him the same thing, to which Nettles replied that he was not "f-ing leaving", or words to that effect. Nettles also said that he would only drink water from that point on. Barnes noted that Nettles eyes were glassy, and his speech was slurred, confirming his suspicion that Plaintiff was intoxicated. Barnes then put a call over the radio for his supervisor, Peter Jones, advising that a guest was being uncooperative and refusing to leave the bar.

Jones arrived at the bar and talked to Nettles. Jones also observed that Nettles had red, glassy eyes and slurred speech. Nettles also told Jones that he would just drink water for the rest of the night. Jones explained that this was not acceptable and told Nettles that would need to leave the bar and return to his room voluntarily or, alternatively, he would be trespassed and forcibly removed and/or arrested. Nettles continued to argue with Jones and refused to leave the bar. Jones then instructed security officer Joel Washington, who was standing next to Jones, to read Nettles the trespass warning. As Washington began to reach for a card in his jacket pocket that contained the written trespass warning, Nettles threw up his hands in a sign of capitulation and started to leave the bar.

Nettles made it halfway down the exit ramp then stopped and stood there for approximately 30 seconds before turning around and going back up the ramp past several security officers trying to make his way back into the bar. As he was trying to go back into the bar, Nettles again said "f- that, I'm not leaving" or words to that effect. At that point, security officer Barnes tried to turn Nettles around to direct him back out of the bar, but Nettles resisted. Supervisor Jones then instructed security officers Joel and Jeremy Washington to make a citizen's arrest. Joel and Jeremy Washington attempted to gain control of Nettles' arms in order to apply handcuffs to secure the arrest, but Nettles continued to resist. As they struggled to gain control of Nettles, they fell to the ground

8

where Nettles arms were finally secured behind his back and the handcuffs were applied by security officer Gerald Wallis.

Nettles was taken to a security holding room to await the arrival of Biloxi PD. Nettles complained of the handcuffs being too tight, and security officer Wallis loosened them. Nettles was then informed that he was being charged with "disorderly conduct, refusal to leave". Biloxi PD arrived within a few minutes and Nettles was taken into custody. Security officer Wallis signed the charging affidavit against Nettles on behalf of Beau Rivage for trespass after warning in violation of Miss. Code Ann. § 97-17-97.

Plaintiff claims he suffered a neurological injury to his left hand and that he has a tremor in his left hand as a result of being handcuffed. There is no evidence that Plaintiff's alleged injuries are causally related to the subject incident. His alleged numbness and tingling in the left hand are of "uncertain etiology". The tremor in Plaintiff's left hand pre-existed the subject incident and there is no recognized causal nexus between the handcuffing incident and the tremor. At most, Plaintiff may have experienced a temporary superficial radial nerve injury from the handcuffs which, according to diagnostic studies, has healed. Additionally, to the extent Nettles claims his tremor is related to the handcuffing incident, he has failed to mitigate his damages by refusing reasonable medical care intended to alleviate the tremors. Moreover, the alleged injuries, if any, were incidental to the lawful arrest and, therefore, are not recoverable.

9.     a.     The following facts are established by the pleadings, by stipulation, or by admission:

- At all material times, Beau Rivage operated the hotel, casino, and entertainment venues located at 875 Beach Boulevard, Biloxi, Mississippi.
- Beau Rivage made a citizen's arrest of Nettles pursuant to Miss. Code Ann. § 99-3-7.
- Beau Rivage security officers were acting within the course and scope of employment during their dealings with Brent Nettles on March 11, 2022.
- Plaintiff is not entitled to any recovery for lost wages.

    b.     The contested issues of fact are as follows:

### Plaintiff

- Did Defendant Beau Rivage Resorts, LLC and/or Defendant Wallis commit battery on Brent Nettles.
- Did Defendant Beau Rivage Resorts, LLC and/or Defendant Wallis commit False Imprisonment
- Was the use of force by the Beau Rivage Resort, LLC employees excessive.
- Was the use of force by the Beau Rivage Resort, LLC employees unreasonable.
- Was the force used by the Beau Rivage Resort, LLC employees unlawful.
- All other claims (Counts II, IV, V VI, and VII) set forth in Plaintiff's Complaint and otherwise set forth herein were subject to the Court's [64] Order regarding summary judgment and reasons stated on the record at the hearing held on March 7, 2024.

9

- Whether Beau Rivage had probable cause to arrest the Plaintiff for trespass, Miss. Code Ann. § 97-17-97.
- Whether Plaintiff's detention in the holding room after his arrest was reasonable in its extent, duration, nature and purpose.
- Whether Plaintiff is entitled to any recovery for future medical expenses.
- Whether Plaintiff is entitled to any recovery for loss of earning capacity.

### Defendants

- Whether Plaintiff resisted Beau Rivage security officers' attempt to handcuff him.
- Whether Plaintiff suffered any injuries or damages as a result of the subject incident.
- The nature, extent, and duration of injuries and damages sustained by the Plaintiff, if any.
- Whether Plaintiff failed to mitigate his damages by refusing reasonable medical treatment.
- Whether Defendants' actions were objectively reasonable in light of the totality of the circumstances.
- Whether the otherwise valid arrest of the Plaintiff was rendered unlawful by the actions of Defendants in making the arrest.

a. The contested issues of law are as follows:

- The issues of law implicit in the issues of fact listed above.
- Whether Miss. Code Ann. § 99-3-23 precludes any finding of civil liability against the Defendants for the arrest.

10. The following is a list and brief description of all exhibits (except exhibits to be used for impeachment purposes only) to be offered in evidence by the parties. *Each exhibit has been marked for identification and examined by all counsel*.

    a. TO BE OFFERED JOINTLY BY THE PLAINTIFF AND DEFENDANT:

| NUMBER (DESCRIPTION) | |
|---|---|
| J-1 | **Beau Rivage Surveillance Footage (native)** |
| J-1A | **C8567 875 WEST** |
| J-1B | **C8233 875 NORTH** |

| NUMBER | (DESCRIPTION) |
|---|---|
| J-1C | C8566 875 EAST |
| J-1D | C8273 SI ROOM 5692 |
| J-1E | C8577 FAMILY ROOM |
| J-1F | C8272 HOLDING EXIT |
| J-1G | C8270 BRIEF ELV |
| J-1H | C8261 SR X DOORS |
| J-1I | C8154 M ENT VEST |
| J-1J | C8110 C110 PORTE C NORTH |
| J-1K | C8111 PORTE C SOUTH |
| J-1L | C8148 SR ENTRY PTZ |
| J-1M | C8149 CAS ENT 875 |
| J-1N | C8150 CASINO ENT |
| J-1O | C8151 CASINO LBY |
| J-1P | C8152 MAIN ENT |
| J-2 | Defensive Tactics Lesson Plan (BR00223-257) |

b.     TO BE OFFERED BY THE PLAINTIFF:

| NUMBER (DESCRIPTION) | |
|---|---|
| P-1 | Skinner Statement (BR00013) |
| P-2 | Nettles Photos (BR00044-51) |
| P-3 | Nettles Emails (BR00030-40) |
| P-4 | Beau Rivage Security Officer Manual (BR00109-119) |
| P-5 | Nettles Play History (BR00054-108) |
| P-6 | MGM Code of Conduct (BR00282-337) |
| P-7 | Nettles Medical Records (NETTLES_0039-69) |
| P-8 | Campbell CV (NETTLES_0093-0095) |
| P-9 | Biloxi Municipal Court Abstract (NETTLES_0018) |
| P-10 | Dr. McHugh Deposition Transcript-Highlighted<br><br>Yellow Highlight – Removed by Plaintiff<br>Blue Highlight – Removed by Defendants |
| P-11 | Dr. McHugh Deposition Transcript-Fully Redacted all potions removed by the parties |

The authenticity and admissibility in evidence of the preceding exhibits are stipulated. If the authenticity and/or admissibility of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified evidentiary ground(s) for the objection.

   P-1    Hearsay; relevance; confusion/waste of time (FRE 401, 402, 801, 802)

   P-3    Relevance; hearsay (FRE 401, 402, 801, 802) (*dependent upon which emails are offered and for what purpose)

   P-4    Relevance; confusion/waste of time (FRE 401, 402, 403)

P-5    Relevance; confusion/waste of time (FRE 401, 402, 403)

P-6    Relevance (FRE 401, 402)

P-9    Relevance; prejudice/confusion of the issues (FRE 401, 402, 403)

P-10   Objections to certain portions consistent with arguments outlined in Defendants' Omnibus Motion In Limine. (FRE 403, 702, 703)

b.   TO BE OFFERED BY THE DEFENDANT:

| NUMBER (DESCRIPTION) | |
|---|---|
| D-1 | Beau Rivage Incident File Summary Report (BR00001 – BR00002) |
| D-2 | Statement of George Barnes, Jr. (BR00005) |
| D-3 | Eight75 Lounge Receipt (BR00008) |
| D-4 | City of Biloxi Uniform Arrest/Booking Form (BR00009) |
| D-5 | Baptist Primary Care Records (BR00395 – BR00590) |
| D-6 | NeuroDiagnostic Technologies Records (BR00591 – BR00598) |
| D-7 | C.V. of Richard "Andy" Willis |
| D-8 | C.V. of Dr. Archie Melcher, MD |

The authenticity and admissibility in evidence of the preceding exhibits are stipulated. If the authenticity and/or admissibility of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified evidentiary ground(s) for the objection.

D-1 : Hearsay **(FRE 401, 402, 801, 802)**
D-2: Hearsay **(FRE 401, 402, 801, 802)**
D-5: **Relevance; prejudice/confusion of the issues (FRE 401, 402, 403)**

11. The following is a list and brief description of charts, graphs, models, schematic diagrams, and similar objects which will be used in opening statements or closing arguments, but which **will not** be offered in evidence:

> Plaintiffs anticipate using enlargement and digital versions of portion of medical records, timeline, demonstrative illustrations used in medical journal articles and textbooks, medical record exhibits and radiological images.

> Defendants anticipate using summaries and/or portions of medical records; excerpts, summaries, timelines of the incident and/or surveillance footage; medical illustrations or models.

> All parties agree to the use of portions of admitted evidence in opening statements without objections

Objections, if any, to use of the preceding objects are as follows:

> Plaintiff has not identified applicable objections.

> Defendants has not identified applicable objections.

If any other such objects are to be used by any party, such objects will be submitted to opposing counsel at least three business days before trial. If there is then any objection to use of the objects, the dispute will be submitted to the court at least one business day prior to trial.

12. The following is a list of witnesses Plaintiff anticipates calling at trial (excluding witnesses to be used solely for rebuttal or impeachment). All listed witnesses must be present to testify when called by a party unless specific arrangements are made with the trial judge before commencement of trial. The listing of a **Will Call** witness constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to counsel to the contrary.

| Name | Will Call | May Call | [**F**]act/ [**E**]xpert/ [**L**]iability/ [**D**]amages | Address & Telephone No. |
|---|---|---|---|---|
| Brent Nettles |  | X | F, L, D | 545 Moultrie Wells Road St. Augustine, FL 32086 |
| Steve Nettles | X |  | F, L, D | *** St. Augustine, FL 32086 |
| Pat Nettles |  | X | F, L, D | **** St. Augustine, FL 32086 |

| Lisa Nettles |  | X | F, L, D | 545 Moultrie Wells Road<br>St. Augustine, FL 32086 |
|---|---|---|---|---|
| Peter Jones | X |  | F, L | Unknown |
| Gerald Wallis, Jr. | X |  | F, L | Uknown |
| Mark Skinner | X |  | F, L | Unknown |
| Matthew Cambell | X |  | E, L | 46 River Rhodes Road<br>Holly Springs, MS 38635 |
| Dr. Gregory McHugh | X<br>By depo |  | E, D | 810 Lane Avenue South<br>Jacksonville, FL 32205-4785 |
| George Barnes, Jr. |  | X | F, L | Unknown |
| Jeremy Washington |  | X | F, L | Uknown |
| Joel Washington |  | X | F.L. | Unknown |

Will testify live: Everyone listed above may testify live

Will testify by deposition: Dr. Gregory McHugh

> State whether the entire deposition, or only portions, will be used. Counsel **must** confer, no later than twenty-one days before the commencement of trial, to resolve **all** controversies concerning **all** depositions (electronically recorded or otherwise.) All controversies not resolved by the parties **must** be submitted to the trial judge not later than fourteen days before trial. All objections not submitted within that time are waived.

13. The following is a list of witnesses whom Defendant anticipates calling at trial (excluding witnesses to be used solely for rebuttal or impeachment). All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge before commencement of trial. The listing of a **Will Call** witness constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to counsel to the contrary.

| Name | Will Call | May Call | [F]act/ [E]xpert/ [L]iability/ [D]amages | Address & Telephone No. |
|---|---|---|---|---|
| Brent Nettles | | X | F, L, D | 545 Moultrie Wells Road St. Augustine, FL 32086 |
| Lisa Nettles | | X | F, L, D | 545 Moultrie Wells Road St. Augustine, FL 32086 |
| Steve Nettles | | X | F, L, D | St. Augustine, FL 32086 |
| Pat Nettles | | X | F, L, D | St. Augustine, FL 32086 |
| George Barnes, Jr. | | X | F, L | 875 Beach Blvd. Biloxi, MS 39530 228.386.7111 |
| Peter Jones | | X | F, L | Kankakee, IL 228.219.4246 |
| Jeremy Washington | | X | F, L | 875 Beach Blvd. Biloxi, MS 39530 228.386.7111 |
| Joel Washington | | X | F, L | 875 Beach Blvd. Biloxi, MS 39530 228.386.7111 |
| Gerald Wallis | | X | F, L | 875 Beach Blvd. Biloxi, MS 39530 228.386.7111 |
| Will Coffman | | X | F, L | 875 Beach Blvd. Biloxi, MS 39530 228.386.7111 |
| Rachael Howell | | X | F,L | 875 Beach Blvd. Biloxi, MS 39530 228.386.7111 |
| Richard "Andy" Willis | X | | E, L | 3510 Oaks Way, Bldg. 112, Apt. 103 Pompano Beach, FL 33069 901.581.1704 |
| Dr. Archie Melcher, MD | X | | E, D | Metairie, LA |

Will testify live:

All defense witnesses, if called, will testify live.

Will testify by deposition:

None.

> State whether the entire deposition, or only portions, will be used. Counsel **must** confer, no later than twenty-one days before the commencement of trial, to resolve **all** controversies concerning **all** depositions (electronically recorded or otherwise.) All controversies not

resolved by the parties **must** be submitted to the trial judge not later than fourteen days before trial. All objections not submitted within that time are waived.

14. This is a jury case.

15. Counsel suggests the following additional matters to aid in the disposition of this civil action:

    None.

16. Counsel estimates the length of the trial will be 2-3 days.

17. As indicated by paragraph 1, this pretrial order has been formulated (a) at a pretrial conference before a judicial officer, notice of which was duly served on all parties, and at which the parties attended as stated above, or (b) the final pretrial conference having been dispensed with by the judicial officer, as a result of conferences between the parties. Reasonable opportunity has been afforded for corrections or additions prior to signing. This order will control the course of the trial, as provided by Rule 16, Federal Rules of Civil Procedure, and it may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

    ORDERED, this the 16th day of July, 2024.

    *s/ Taylor B. McNeel*
    UNITED STATES DISTRICT JUDGE

*Douglas L. Tynes, Jr.*
Attorney for the Plaintiff, Brent Nettles

*David N. Harris, Jr.*
Attorney for the Plaintiff, Brent Nettles

*Robert S. Addison*
Attorney for the Defendants,
Beau Rivage Resorts, Inc. and Gerald Wallis, Jr.

*Michael R. Kelly*
Attorney for the Defendants,
Beau Rivage Resorts, Inc. and Gerald Wallis, Jr.

*W. Matthew Thompson*
Attorney for the Defendants,
Beau Rivage Resorts, Inc. and Gerald Wallis, Jr.